IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET HARTLEY ) | |
| ) | |
| Plaintiff, ) | No. 08-cv-3830 |
| ) | |
| v. ) | Judge Joan H. Lefkow |
| ) | |
| VILLA SCALABRINI NURSING AND ) | |
| REHABILITATION CENTER and ) | |
| RESURRECTION ) | |
| Defendants. ) | |

## OPINION AND ORDER

Margaret Hartley ("Hartley") filed this pro se complaint of employment discrimination against Villa Scalabrini Nursing and Rehabilitation Center ("Villa Scalabrini") and "Resurrection"[1] (together, Villa Scalabrini, or defendant) along with an application to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. She alleges discrimination on the basis of race and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C § 1981. Villa Scalabrini contends that the complaint must be dismissed under 28 U.S.C.

---

[1] It is not clear which corporate entity Hartley intended to sue under the designation "Resurrection." Defendant assumes Hartley intended Resurrection Life Center, perhaps because the United States Marshal attempted to serve Resurrection Life Center with Hartley's complaint. Hartley, however, states that she intended to name Resurrection Health Care as her employer and asks for leave to amend her complaint to reflect this. Defendants assert that plaintiff's former employer was Villa Scalabrini Nursing and Rehabilitation Center.

 According to the Illinois Secretary of State, Resurrection Senior Services is a corporation in good standing. One of its assumed names is Villa Scalabrini Nursing and Rehabilitation Center. Another assumed name, Resurrection Life Center, is designated inactive. *See* http://www.ilsos.gov/corporatellc/CorporateLlcController. The court takes judicial notice that the corporate entity registered with the Secretary of State is Resurrection Senior Services, Inc., doing business as Villa Scalabrini Nursing and Rehabilitation Center. The defendant employer will be referred to herein as Villa Scalabrini.

1

§ 1915(e)(2)(A) because Hartley made false statements in the financial affidavit supporting her IFP application. It also seeks summary judgment (1) as to Resurrection because Resurrection was not Hartley's employer and was not named in the underlying Equal Employment Opportunity Commission charge ("EEOC charge"); (2) as to all claims because Hartley's wrongful discharge complaint filed in state court arising from the same core of operative facts was dismissed, making the present complaint barred by *res judicata*; and (3) because plaintiff's claim alleging a pattern and practice of race discrimination was not included in the EEOC charge. The motion for summary judgment will be granted based on Villa Scalabrini's second argument.

## UNDISPUTED FACTS

This case arises from Hartley's employment and subsequent termination by Villa Scalabrini. Hartley began her employment at facilities run by Resurrection Senior Services, Inc., or its predecessor entity in 1988. She began working at Resurrection Health Care's Villa Scalabrini facility on June 26, 2005 as a certified nurse's assistant. Hartley alleges a pattern and practice of racial harassment and discrimination against her and complains that she was fired after she asserted her federally protected rights. Hartley was discharged on April 25, 2007. She concedes that she was fired after an "incident involving a patient" but alleges that a "non-Black" employee in a similar situation was not fired.

Hartley filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 29, 2007. On May 15, 2008, the EEOC sent her a Notice of Right to Sue, advising her that she had 90 days within which to file a Title VII suit in federal or state court. On or about June 2, 2008, Hartley filed a pro se complaint against Villa

Scalabrini in the Circuit Court of Cook County ("the state court action") alleging that she was "wrongfully fired" based on false accusations of wrongdoing. She filed her federal complaint on July 3, 2008. Villa Scalabrini moved to dismiss the state court action for failure to state a cause of action, arguing that Hartley, as an admittedly at will employee, had no claim for wrongful discharge under Illinois law.[2] The motion was granted on July 21, 2008.

In the IFP application accompanying the complaint, Hartley listed her monthly income as $164. She marked that she was not married and provided no information regarding a spouse. Hartley listed three other sources of income for herself and others living in her residence over the previous twelve months: ABBA Home Health, paying $97.02 biweekly, Almighty Home Health, paying $62.97 biweekly (both former employers), and her son's part-time job paying $8.40 per hour. Hartley reported that she received unemployment benefits of $3,133 in the previous twelve months but did not check the box in the same question signifying that someone living at her residence was receiving Social Security benefits. Hartley reported that no one in her household owned a vehicle worth more than $1,000. She signed the IFP application on June 19, 2008 under penalty of perjury, asserting that she understood that "pursuant to 28 U.S.C. § 1915(e)(2)(A), the court shall dismiss this case at any time if the court determines my allegation of poverty is untrue."

---

[2] Citing, *inter alia*, *Palmateer* v. *Int'l Harvester Co.*,421 N.E.2d 876, 85 Ill. 2d 128, 52 Ill. Dec. 13 (Ill. 1981); *Kelsay* v. *Motorola, Inc.*, 384 N.E.2d 353, 74 Ill. 2d 172, 23 Ill. Dec. 559 (Ill. 1978); and *Irizarry* v. *Ill. Cent. R.R. Co.*, 879 N.E.2d 1007, 1012, 377 Ill. App. 3d 486, 316 Ill. Dec. 619 (Ill. App. 2007). Villa Scalabrini argued that "Illinois generally does not recognize a cause of action for 'wrongful termination,' unless there is a violation of clearly mandated public policy [against retaliation for filing a worker's compensation claim or "whistle blowing" activity]." Rule 56.1 Statement, Dkt No. 15-2,Tab. C, p. 15.

On September 5, 2008, Hartley jointly with Edward L. Henderson filed a chapter 13 petition in bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 08-23503). Both debtors listed the same address and are referred to as husband and wife within the petition and schedules. In their Amended Statement of Financial Affairs, signed under penalty of perjury on October 14, 2008, Hartley reported income for 2007 as $21,277 and for 2008 to that date as $30,494. Henderson listed receiving Social Security benefits of $9,331.20 in 2007 and $6,220.80 for 2008 to date. Finally, the couple owned a 2003 Chevrolet Impala valued at $10,125 until August 2008. The document reported that the debtors' home was in foreclosure. Hartley's confirmed Modified Chapter 13 Plan disclosed $4,470.98, total monthly household expenses (including a mortgage payment of $1,735.00) as $3,880.00, leaving $590.98 available for plan payments. Bankr. Dkt. No. 18.

Hartley has a variety of excuses for the inaccurate information in the IFP Application. She states that she was separated from Henderson when she filed the IFP application but that the two reconciled "shortly after" it was filed; however, she admits that Henderson continued to receive mail at her house, presumably including his Social Security checks. She attempts to explain the disparity between the claimed monthly income figure of $164 on July 3, 2008 and $30,494 total income for the year to date[3] by stating that after filing the IFP application, she was employed by four companies, "which paid a lot more money including $500.00 bonuses for referrals of clients." She claims that she made "an honest mistake" because she was "working for so many agencies" and it was "hard to keep track." She admits that she failed to list the car

---

[3] The maximum amount of money that Hartley could have received by October 14, 2008 based on her $164 monthly income figure would have been $4,773, which is a $25,721 difference from her year-to-date income that she reported on that date in the Amended Statement of Financial Affairs in the bankruptcy proceeding.

4

because it was in her husband's possession at the time of the IFP Application, but she also admits that she owned the car.

## ANALYSIS

A. The IFP Application

28 U.S.C. § 1915 allows a federal court to authorize commencement of an action *in forma pauperis*, that is, without prepayment of fees or security therefor, when a litigant has submitted an affidavit including a statement of all assets possessed by that person demonstrating that he or she is unable to pay the relevant fees. 28 U.S.C. § 1915(a)(1). Filing *in forma pauperis* is a privilege, and an IFP application should be filled out carefully and comprehensively. *See Chung* v. *Dushane*, No. 03 C 5955, 2003 U.S. Dist. LEXIS 22061, at *6 (N.D. Ill. Dec. 9, 2003) (citing *Denton* v. *Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)) ("The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused."). A court shall dismiss the case at any time if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). Where an "allegation of poverty [i]s false, the suit ha[s] to be dismissed"; "the judge ha[s] no choice." *Thomas* v. *Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002).

Defendants argue that Hartley's complaint must be dismissed because her allegation of poverty was false. Hartley concedes that she failed to provide information on her IFP Application in response to multiple questions, including that she is married, that she owns a car, and that her husband receives Social Security benefits. Hartley also admits that she failed to properly account for her income, as disclosed in the Amended Statement of Financial Affairs she

5

prepared a few months later for the bankruptcy proceeding. At the least, plaintiff's IFP Application suggests lack of respect for the privilege she hoped to claim. But the court is not obligated to dismiss the case where, as here, the record in the bankruptcy court shows that had Hartley fully disclosed her and her husband's financial situation, they would have been sufficiently poor to merit the opportunity to proceed IFP. In other words, the allegation of poverty was not untrue. The confirmed Chapter 13 plan reflects that Hartley and her husband are currently obligated to pay all of their disposable income to creditors. Despite the carelessness, errors and omissions, Hartley was not hiding resources that if revealed would have demonstrated her ability to pay the filing fee. *Compare, e.g.*, *Thomas*, 288 F.3d 305 (plaintiff failed to disclose $58,990, which was a lump sum from cashing out his retirement account), *with McRoyal* v. *Commonwealth Edison Co.*, 263 F. App'x 500 (7th Cir. 2008) (plaintiff failed to disclose that she owned various properties worth a substantial amount of money and that she had other sources of income). Therefore, the complaint will not be dismissed based on a false statement of poverty.

        B.     Res judicata

Villa Scalabrini argues that because Hartley's state court case was dismissed on the merits, this later-filed action is barred. Hartley asserts that her state court action "was dismissed for me not showing up for court [;] unable to." The circuit court's order, however, does not reflect that the case was dismissed for want of prosecution, nor was that the basis of Villa Scalabrini's motion to dismiss.

The court must "apply the preclusion law of the state that rendered the judgment to determine whether *res judicata* controls this case. . . . Under Illinois law, a final judgment on

6

the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *Hicks* v. *Midwest Transit, Inc*. 479 F.3d 468, 471 (7th Cir. 2007) (citations omitted) (internal quotation marks omitted). "*Res judicata* promotes judicial economy by requiring parties to litigate in one case all claims arising out of the same group of operative facts." *Id*. (citations omitted). "Three requirements must be satisfied before *res judicata* precludes a claim: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *Res judicata* bars not only issues that were actually raised in the prior proceeding, but also issues which could have been raised in the prior proceeding. Federal courts apply an exception to the *res judicata* rule. *Res judicata* will not apply if the plaintiff did not have a full and fair opportunity to litigate his claim in state court." *Id.* at 471 (citations omitted) (internal quotation marks omitted).

All of the requirements of *res judicata* are present here. First, the state court judgment of dismissal was a final judgment on the merits. *See Purmal* v. *Robert N. Wadington & Assoc.*, 820 N.E.2d 86, 94, 354 Ill.App.3d 715, 289 Ill.Dec. 578 (Ill. App. 2004) ("The bar extends to all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that could have been offered for that purpose."). Second, there is an identity of causes of action because the res judicata bar applies to claims that were not but could have been raised in the prior proceeding. Hartley had received her Notice of Right to Sue before she filed her state court action, thus she could have filed all of her federal claims in the state court case. *See Donnelly* v. *Yellow Freight System, Inc.*, 874 F.2d 402, 410 (7th Cir.1989) (holding that jurisdiction over Title VII claims is vested in both state and federal courts): *Leal* v. *Krajewski*,

7

803 F.2d 332 (7th Cir. 1986) (holding that civil rights claim under 42 U.S.C. § 1983 was barred because it could have been raised in prior state court suit).[4] Third, the parties are identical. The plaintiff sued her former employer, which the court has identified as Villa Scalabrini, in state court and in federal court. Although Hartley may well believe that she did not have a full and fair opportunity to litigate her state court action because she could not come to court for the hearing on the motion to dismiss, this is not lack of opportunity under the law. Rather, "[a] plaintiff is afforded a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause." *Hicks*, 479 F.3d at 471. The Circuit Court of Cook County is, without question, such a forum. For all of these reasons, plaintiff's claim is barred under the doctrine of res judicata.

### CONCLUSION AND ORDER

For the foregoing reasons, the motion for summary judgment is granted. The Clerk is directed to enter judgment in favor of the defendant on all of plaintiff's claims. Plaintiff's motion for appointment of counsel is moot.

September 30, 2009              Enter: *Joan N. Lefkow*
                                       JOAN HUMPHREY LEFKOW
                                       United States District Judge

---

[4]The court acknowledges that Hartley is proceeding under 42 U.S.C. § 1981 rather than § 1983, but this would not alter the existence of concurrent jurisdiction.